IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

AVINESH KUMAR, et al,

    Plaintiff,

v.                                                                                CIVIL NO. 2:10cv171

REPUBLIC OF SUDAN,

    Defendant.

## MEMORANDUM OPINION

After the bombing of the U.S.S. Cole on October 12, 2000, fifty-nine family members of the victims filed suit against the Republic of Sudan ("Sudan") in 2004. In 2007, this Court found that Sudan was liable under the Death on the High Seas Act and ordered it to pay economic damages amounting to $7,956,344 plus post-judgment interest. However, the plaintiffs in that case could not recover non-economic damages. The plaintiffs, along with four new plaintiffs that were not party to that earlier case (collectively, "Plaintiffs"), filed a new suit against Sudan in April of 2010 pursuant to the revised section of the Foreign Sovereign Immunities Act ("FSIA") that Congress passed in January 2008. This time they sought the non-economic damages that they were unable to recover under the Death on the High Seas Act (as well as economic damages for the four new plaintiffs). Argument was heard on April 22, 2014, as to the issue of liability, and the matter is ripe for decision on that point.

Plaintiffs are suing under the FSIA, 28 U.S.C. § 1605A, which provides that:

> A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage

1

taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

Sudan was properly served pursuant to 28 U.S.C. § 1608 and has at all times relevant to this action been designated by the U.S. Department of State as a "state sponsor of terrorism."[1] Additionally, all plaintiffs are U.S. nationals and afforded Sudan a reasonable opportunity to arbitrate. Therefore, all the jurisdictional elements of the Plaintiffs' claims have been satisfied.

The evidence that was provided to the Court showed that officials of Sudan, including military personnel, directly and affirmatively supported Al Qaeda operations. Former Director of the Central Intelligence Agency R. James Woolsey testified by deposition and adopted his testimony as provided in this case's predecessor, *Rux v. Republic of Sudan*, 495 F. Supp. 2d 541 (E.D. Va. 2007). Additionally, Steven Emerson, Kim Peterson, and Lorenzo Vidino testified based on their extensive experiences related to terrorism.

The connections between Sudan and Al Qaeda have been extensively detailed in the *Rux* decision, as well as several decisions of in the United States District Court for the District of Columbia. *See, e.g., Owens v. Republic of Sudan*, 826 F.Supp.2d 128, 139-46 (D.D.C. 2011). Briefly, the support included providing illegitimate diplomatic passports, permitting Al Qaeda to openly operate training grounds, providing military expertise and training (including explosives training), restraining local police forces from interfering with Al Qaeda operations, and laundering funds through Sudanese banks. Some evidence, as testified to by the experts in this case, was derived from sworn testimony by one of Osama Bin Laden's own lieutenants, Jamal Al-Fadl. That evidence showed that support specific to the U.S.S. Cole bombing included the training of Qaed Salim Sinan al-Harethi (A/K/A Ali Qaed Sinan Harthi), one of the planners of

---

[1] Sudan has been on the State Sponsors of Terrorism list since 1993. DEP'T OF STATE, BUREAU OF COUNTERTERRORISM, COUNTRY REPORTS ON TERRORISM 2012.

the attack, at one of the Al Qaeda training camps in Sudan and Sudanese facilitation of the transport from Sudan to Yemen of the explosives used in the bombing.

Sudan did not object to any of the evidence. Rather, Sudan chose not to participate in any of the proceedings of this case. Substantial notice was repeatedly given to Sudan through its American embassy. Based on the lack of any opposing evidence or testimony and the credibility of the evidence that was submitted, the Court **FINDS** that Sudan's provision of material support and resources to Al Qaeda led to the murders of seventeen American servicemen and women serving on the U.S.S. Cole on October 12, 2000, and enters judgment against Sudan under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A. The Court takes **UNDER ADVISEMENT** the issue of damages as to each plaintiff. The Court will be considering the death of each individual as a separate case for the awarding of damages and will analyze the same under the evidence already presented to the Court and in consideration of any sums of money that have already been awarded.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
April 29, 2014